Lynn MARTIN, Secretary of Labor,
United States Department of
Labor, Plaintiff–Petitioner,

v.

CARROLL GRAPHICS CORPORATION,
et al., Defendants.

v.

PREMIER INCOME PARTNERS,
LTD., Respondent.

No. 89–1214–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 10, 1992.

William H. Berger, U.S. Labor Dept., Office of the Sol., Atlanta, Ga., for plaintiff-petitioner.

Carroll Graphics Corp., pro se.

David Gordon Hanlon, Sr., Shackleford, Farrior, Stallings & Evans, P.A., Jeanne Trudeau Tate, Hill, Ward & Henderson, P.A., Charles Richard Hamilton, Charles R. Hamilton, P.A., Tampa, Fla., for defendants.

Nancy J. Faggianelli, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, Fla., for respondent.

ORDER ADOPTING REPORT AND
RECOMMENDATION

KOVACHEVICH, District Judge.

This cause is before the Court on the report and recommendation entered on March 3, 1992 by Magistrate/Judge Thomas G. Wilson. The Magistrate/Judge recommended that the Secretary of Labor's Petition for Adjudication in Civil Contempt and for Enlargement of the Preliminary Injunction be denied.

Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida requires parties to file writ-

ten objections to recommendations within ten (10) days after service. Plaintiff/Petitioner's objections were filed March 16, 1992. Respondent's response was filed March 25, 1992. A reply to the response was filed April 6, 1992. A magistrate/judge's recommendations will be upheld unless clearly erroneous. 28 U.S.C. 636(b)(1).

## Facts

On September 5, 1989, the Secretary of Labor filed a suit in this Court to enjoin Carroll Graphics Corporation, Jerry Clevenger, and Mark Nichols, from violating the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* Specifically, it was alleged that the defendants violated 29 U.S.C. 215(a)(2) by failing to follow the fair minimum wage and overtime standards set forth in 29 U.S.C. 206 and 207. Additionally, it was alleged that the defendants violated 29 U.S.C. 215(a)(1) by allowing the goods manufactured during the period of wage violations to enter the stream of commerce.

On September 5, 1989, a Temporary Restraining Order was issued enjoining the defendants from violating the aforementioned provisions of the Fair Labor Standards Act.

On September 1, 1989, prior to the filing of suit against the defendants by the Secretary, a suit to replevy collateral was filed against Carroll Graphics in Hillsborough County Circuit Court by Premier Income Partners. Premier Income Partners ("PIP"), was a secured creditor of Carroll Graphics and lent that defendant approximately $2.3 million in 1988. As collateral, PIP held a security interest in all of Carroll Graphics' assets. This security interest included all of Carroll Graphics' inventory. The Circuit Court Clerk granted PIP a writ of replevin pursuant to an order dated September 7, 1989. Thus, PIP prepared to auction off the inventory and other collateral.

On September 26, 1989, this Court granted the Secretary a preliminary injunction prohibiting the "defendants, their officers, agents, servants, employees and all persons in active concert or participation with them" from, *inter alia,*

> violat[ing] the provisions of Section [215(a)(1)] by transporting, offering for transportation, shipping, delivering or selling in commerce commercial display signs in the production of which defendants' employees were employed in violation of Sections [206 and 207], or shipping, delivering or selling with knowledge that shipment or delivery or sale thereof in commerce of such goods for [*sic*] products is intended.

PIP was not named in the preliminary injunction issued on September 26, 1989. Upon learning that PIP had taken possession of the Carroll Graphics Inventory and had scheduled an auction for November 27, 1989, the Secretary contacted PIP. The Secretary asserted that PIP was bound by the preliminary injunction and could not auction off the inventory allegedly produced in violation of the Fair Labor Standards Act.

PIP contended that it was not bound by the preliminary injunction. Negotiations were unsuccessful and the auction took place as planned. The Secretary took no action to enjoin the sale or to make PIP a party to the injunctive proceedings.

On December 26, 1989, the Secretary petitioned this Court for Adjudication in Civil Contempt against PIP for violation of the preliminary injunction. The Secretary also petitioned the Court for enlargement of the preliminary injunction to include PIP.

Although PIP acknowledges that it was aware of the preliminary injunction prior to conducting the auction, it contends it is not subject to contempt because it was not named a party to the preliminary injunction. PIP's position is that it was not afforded the opportunity to challenge the granting of the preliminary injunction in court and thus it is not subject to it.

On January 31, 1990, the Petition for Adjudication in Civil Contempt and for Enlargement of the Preliminary Injunction was referred to Magistrate/Judge Thomas G. Wilson for all further proceedings and issuance of a report and recommendation.

On March 3, 1992, the report and recommendation found that PIP, being neither a party to the underlying action nor legally identified with the defendants therein, was not subject to the preliminary injunction. The report stated that although PIP may have violated the Fair Labor Standards Act, it did not violate the Court's injunctive order. Therefore, the Magistrate/Judge recommended that the Secretary's petition to hold PIP in civil contempt be denied and further that the Secretary's request to expand the preliminary injunction to specifically include PIP was not warranted, in that such action would be moot since PIP had already disposed of any goods which may have been produced in violation to the Fair Labor Standards Act.

### Discussion

█ In objecting to the report and recommendation, the Secretary of Labor argues, unpersuasively, that PIP is in "privity" or "shares identity of interest" with the defendants, and as such, is bound by the preliminary injunction. The Secretary neglected to name PIP as a party to the preliminary injunctive order. Upon learning of PIP's intent to auction off the disputed goods the Secretary took no action to enjoin the sale or to make PIP a party to the injunctive proceedings.

Now, the Secretary asserts that PIP is a party "identified in interest" with the defendants, and as such, is bound by the injunction under Rule 65(d) of the Federal Rules of Civil Procedure. This rule provides that the preliminary injunction is "binding only upon the parties to the action, their officers, agents, servants, employees, and attorney, and upon those persons in active concert or participation with them who receive actual notice of the order."

The Secretary asserts that PIP shares "identity of interest" with the defendants in order to establish that PIP was in "active concert" with the defendants and thus falls within the scope of the injunction. The facts do not support the Secretary's contention that PIP was aligned in interest with the defendants. PIP stands in an adversarial position to the defendants. PIP's suit to replevy the assets of Carroll Graphics makes this quite clear.

On September 7, 1989, PIP prevailed in its lawsuit against the defendants. Therefore, the defendants had no reason to represent or defend PIP's interests against the preliminary injunction granted the Secretary by this Court on September 26, 1989.

Accordingly, this Court holds that PIP did not share "identity of interest" with the defendants, was not in "privity" with the defendants, was not within the scope of the preliminary injunction, and was not afforded its day in court to defend itself against the issuance of the preliminary injunction.

The Secretary also argues that in *Citicorp Industrial Credit, Inc., v. Brock*, 483 U.S. 27, 107 S.Ct. 2694, 97 L.Ed.2d 23 (1987), it was held that "innocent" secured creditors should be subject to 15(a)(1) of the Act. Therefore, the Secretary argues, PIP should be subject to the injunction. But, the Secretary misses the point.

The issue is not whether or not the Act applies to secured creditors and thus to PIP. The issue is whether or not PIP can be held in civil contempt for violating an injunctive order to which it was not a named party. The answer is "NO". PIP may have violated the "Act" but the "Act" is not synonymous with the injunction. The injunction may be a tool by which to achieve the purposes of the Act; but it is a tool which must be used properly.

The Secretary further asserts that the injunction attaches, *in rem*, to the goods themselves and thus binds all persons who come in contact with them. *United States v. Hall*, 472 F.2d 261 (5th Cir.1972). The Secretary ignores the fact that in *Hall*, the Court was faced with a situation where the class of persons to which the injunction applied was undefinable. That is, the Court's order prohibited anyone, other than certain exempt groups, from entering a public high school during a period of hostile desegregation.

Obviously it would be impossible to name every individual who might have sought to enter the high school. PIP is not part of

some large "undefinable class". PIP is a secured creditor of the defendants and had filed suit against the defendants. The Secretary could have named PIP as a party to the preliminary injunction but failed to do so.

The Secretary asks this Court to classify PIP as something which it is not. Namely, as either a party "in interest" with the defendants or as part of some large "undefinable class" which the injunction should bind. In essence, the Secretary asks the Court to create a way to correct the errors made by the Secretary. That is not the function of the Court.

The Court holds that the Magistrate/Judge correctly found that PIP was not a party to the underlying action nor legally identified with the defendant's therein, and as such, is not subject to the preliminary injunction.

The Secretary also asks the Court to expand the preliminary injunction to specifically include PIP. The Court holds that the Magistrate/Judge correctly found that the circumstances do not warrant modification of the injunction since PIP has already disposed of any goods in its possession which may have been made during the course of wage violations.

The Court has reviewed the report and recommendation as set forth by the Magistrate/Judge and the objections. The Court, having made an independent review of the file, concurs with the recommendations made by the Magistrate/Judge. Accordingly, it is

ORDERED that the report and recommendation, dated March 3, 1992, be adopted and incorporated by reference herein; the objections overruled and the plaintiff/petitioner's petition for civil sanctions and for enlargement of the preliminary injunction be denied.

DONE and ORDERED.